```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH ZURICK,                  :    CIVIL NO. 4:05-CV-1329
                                 :
          Plaintiff              :    (Judge McClure)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
ROBERT SACAVAGE;                 :
RALPH REISH, a/k/a/ RICK;        :
KRISTEN BROUSE; and              :
DUSTIN HOUPT,                    :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on July 1, 2005.

The individuals named as defendants in the complaint are: 1) Robert Sacavage, the Chairman of the Northumberland County Prison Board; 2) Ralph Reish, the Warden of the Northumberland County Prison; 3) Kristen Brouse, a sergeant at the Northumberland County Prison; and 4) Dustin Houpt, a corrections officer at the Northumberland County Prison.

The plaintiff alleges that on March 15, 2005, while he was an inmate at the Northumberland County Prison on the work release program, he was given a urine test.  He alleges that he was told by defendant Brouse that he had tested positive for opiates and he was removed from the work release program and placed in lock up.  The plaintiff alleges that he was given a copy of his misconduct report on March 15, 2005 but that he had to wait nineteen days for a hearing.  He alleges that he was found guilty of the charges against him and sanctioned to ninety days disciplinary segregation.  He alleges that he was not given a chance to question his accuser (defendant Houpt), that he did not have the assistance of a staff member, and that he did not receive a report from the factfinder or committee.

The plaintiff alleges that he appealed his sanction to defendant Reish and claimed that the urine test was not administered correctly and that something he ate possibly gave a false positive reading.  He alleges that he never received a response from defendant Reish.  The plaintiff alleges that he wrote to defendant Houpt asking for a copy of

2

the policy for urine tests and asking about his training to administer urine tests.  He alleges that defendant Houpt did not respond and that subsequent letters to defendants Reich and Sacavage were ignored.

The plaintiff is seeking compensatory damages as well as injunctive relief.

By an order dated July 13, 2005, we granted the plaintiff's request to proceed *in forma pauperis*, directed the Clerk of Court to serve the plaintiff's complaint, and requested the defendants to waive service pursuant to Fed.R.Civ.P. 4(d).

On July 13, 2005, the plaintiff filed a motion for the appointment of counsel.

On September 13, 2005, Robert G. Hanna, Jr., Esquire entered his appearance on behalf of the defendants.  On December 15, 2005, a case management order was issued.

3

In reviewing the plaintiff's motion for the appointment of counsel, we determined that complaint in this case fails to state a claim upon which relief may be granted.

    28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

We construe the complaint as raising a claim that the plaintiff was denied due process in connection with his removal from the work release program and confinement in disciplinary segregation for ninety days.

The Fourteenth Amendment due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." A due process claim requires a two part analysis. First, the court must

4

determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the due process clause. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).  Second, if the interest is protected by the due process clause, "the question then becomes what process is due to protect it." *Id.*

In the past, in determining whether prison regulations created liberty interests, courts examined the regulations for explicitly mandatory language and specific substantive predicates giving rise to a reasonable expectation that an event would not occur unless the circumstances identified in the regulations were met.  *Hewitt v. Helms*, 459 U.S. 460, 472 (1983).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court, addressing the question of when state prison regulations can create liberty interests protected by the Due Process Clause, modified the *Hewitt* analysis.  The Court held that:

5

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 483-84.

In *Sandin*, the inmate was sentenced to thirty days of disciplinary confinement in the Special Holding Unit.  As a result of the prisoner's disciplinary segregation he "had to spend his entire time alone in his cell (with the exception of 50 minutes each day on average for brief exercise and shower periods, during which he nonetheless remained isolated from other inmates and was constrained by leg irons and waist chains.)"  *Id*. at 494 (Breyer, J. dissenting).  The Court concluded that the inmate's thirty days in the Special Holding Unit did not impose the type of atypical significant deprivation in which the state may conceivably create a liberty interest. *Id.* at 486.  The Court noted that in that case disciplinary confinement at the prison in question, with

6

only insignificant exceptions, mirrored conditions imposed on inmates in administrative and protective custody; that based on a comparison of inmates inside of and outside of disciplinary segregation, placement in segregation for thirty days did not work a major disruption in the inmate's environment; that disciplinary action did not inevitably affect the duration of the inmate's sentence; and that the "regime to which he was subjected was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id*. at 486-87.

In the instant case, the plaintiff alleges that he was sentenced to disciplinary segregation for ninety days and that he was removed from the work release program.

We first address whether the plaintiff's disciplinary confinement implicates a liberty interest protected by the due process clause. "In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement and the conditions of that

confinement in relation to other prison conditions." *Mitchell v. Horn,* 318 F.3d 523, 532 (3d Cir. 2003).

We conclude that the confinement alleged by the plaintiff in this case does not implicate a liberty interest protected by the due process clause.  The duration of the plaintiff's disciplinary segregation - ninety days -  does not implicate a protected liberty interest. *See Smith v. Messinger*, 293 F.3d 641, 653 (3d Cir. 2002)(seven months in disciplinary confinement did not implicate a liberty interest).  The plaintiff has not alleged that the conditions he was subjected to in disciplinary segregation imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life nor has he alleged facts from which it could reasonably be inferred that the conditions he was subjected to in disciplinary segregation imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life.

We note that in *Mitchell, supra,* the Third Circuit reversed the district court's *sua sponte* dismissal of a

prisoner's claim that he was denied due process in connection with confinement in disciplinary custody for several months including four days in a cell that was smeared with feces and infested with flies and in which he could not eat, drink or sleep. 318 F.3d at 526.  The Third Circuit determined that the record was not sufficiently developed to conduct the fact-intensive inquiry implied by *Sandin. Id.* at 532-33.  The court remanded the case to the district court for development of the record and noted that the district court will need to consider whether the deplorable conditions of Mitchell's cell during a portion of his disciplinary confinement implicated a protected liberty interest. *Id.* at 533 n.6.

Unlike the prisoner in *Mitchell*, the plaintiff in this case has not made any allegations regarding the conditions under which he was confined.  Accordingly, there is no basis to infer that the conditions to which the plaintiff was subjected in disciplinary segregation imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life.  Thus, we conclude that the plaintiff has failed to allege that his disciplinary

9

confinement implicated a liberty interest protected by the due process clause.

The plaintiff also alleges that he was removed from the work release program.

In *Asquith v. Department of Corrections,* 186 F.3d 407, 412 (3d Cir. 1999), the Third Circuit held that an inmate does not have a liberty interest protected by the due process clause in remaining in a halfway house under a work release program.  The court reasoned that removal from a work release program and return to prison does not implicate a liberty interest independently protected by the due process clause because the prisoner had no expectation that he would remain in the program once charged with a major violation. *Id.* at 411.  The court also reasoned that since an inmate is normally incarcerated in prison, the prisoner's return to prison did not impose an atypical and significant hardship on him in relation to ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest. *Id.* at 412.

10

Pursuant to *Asquith, supra,* the plaintiff did not have a liberty interest in remaining in the work release program.

Based on the foregoing, by an order dated October 4, 2005, we concluded that the complaint fails to state a claim upon which relief may be granted, and we denied the plaintiff's motion for the appointment of counsel.  Before recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted, we granted the plaintiff leave to amend his complaint. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002)(holding that before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile).  We noted that if the plaintiff were to alleges facts from which it could reasonably be inferred that the conditions he was subjected to in disciplinary segregation imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life, he may state a due process claim

11

upon which relief may be granted.  We granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state a due process claim upon which relief may be granted.  The plaintiff was granted until November 4, 2005 to file an amended complaint.

On October 25, 2005, the plaintiff filed what he titled as an amended complaint.  The amended complaint is a combination of factual allegations and legal arguments.  The plaintiff continues to assert that he was denied due process but he has made not allegations regarding the conditions under which he was confined.

In accordance with the discussion above, we conclude that the plaintiff does not have a liberty interest protected by the due process clause, and, therefore, the amended complaint fails to state a claim upon which relief may be granted.

Based on the foregoing, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   November 1, 2005.