IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH ZURICK, : | |
| : | No. 4:05-CV-1329 |
| Plaintiff, : | |
| : | (Judge McClure) |
| v. : | |
| : | (Magistrate Judge Smyser) |
| ROBERT SACAVAGE; : | |
| RALPH REISH, a/k/a RICK; : | |
| KRISTEN BROUSE; and : | |
| DUSTIN HOUPT, : | |
| : | |
| Defendants. : | |

**O R D E R**

December 14, 2005

Kenneth Zurick, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on July 1, 2005. The named defendants are all associated with Northumberland County Prison: Robert Sacavage, Chairman of the Prison Board; Ralph Reish, Warden; Kristen Brouse, a sergeant at the Prison; and Dustin Houpt, a corrections officer. Zurick claims that he unjustly spent thirteen weeks in segregation at the Northumberland County Prison due to an allegedly faulty urine test that returned a positive reading for opiates. Zurick claims that he was denied his right to due process in connection with his removal from the work release program and confinement in disciplinary segregation for ninety days as a result of the drug test.

The case was initially referred to United States Magistrate Judge J. Andrew Smyser. The magistrate judge granted Zurick's motion to proceed in forma pauperis on July 13, 2005.[1] Also on July 13, 2005, Zurick filed a motion for the appointment of counsel. On October 14, 2005, the magistrate judge denied the plaintiff's motion for the appointment of counsel, and determined that the complaint failed to state a claim upon which relief could be granted. (Rec. Doc. No. 13.) However, the magistrate judge granted Zurick leave to file an amended complaint, which he did on October 25, 2005. (Rec. Doc. No. 14.)

Now before the court is the Report and Recommendation of Magistrate Judge Smyser. (Rec. Doc. No. 15.) For the following reasons, we will adopt the Report in full, and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(1).[2]

---

[1] By correspondence dated November 11, 2005, the plaintiff informed the court that he is no longer a prisoner and that he no longer wished to proceed in forma pauperis. (Rec. Doc. No. 16.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii) authorizes the court to dismiss at any time a proceeding in forma pauperis if the action fails to state a claim on which relief may be granted. 42 U.S.C. § 1997e(c)(1) authorizes the court to dismiss any action with respect to prison conditions under § 1983 if "the court is satisfied that the action . . . fails to state a claim upon which relief can be granted." This case is subject to dismissal under both statutes and we cite Title 42 only to demonstrate that regardless of whether the plaintiff proceeds in forma pauperis, his claim will ultimately fail. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) (provisions of 42 U.S.C. § 1997e apply to former prisoners if the plaintiff was a

BACKGROUND:

Kenneth Zurick is a former inmate of Northumberland County and Columbia County Prisons in the Commonwealth of Pennsylvania. On March 15, 2005, while an inmate in Northumberland County Prison on the work release program, Zurick was administered a urine test that returned a positive reading for opiates. As a result of this positive test, Zurick was removed from work release and placed in the disciplinary segregation unit at the Prison.

Zurick claims that he waited 19 days before a hearing on the matter and was denied the assistance of a staff member in preparing his case. Zurick also argues that the hearing committee was defective because Sergeant Kristen Brouse, the official who initially removed Zurick from the work release program, sat on the committee. Zurick further complains that he was not given the opportunity to question his accuser (defendant Houpt, who administered the urine test). At the hearing, Zurick pled not guilty. The committee found Zurick guilty and sanctioned him to 90 days in disciplinary segregation.

Zurick appealed to the warden, arguing that the urine test was flawed in its administration. Zurick also states that any positive reading for opiates in his urine

---

prisoner at the time of filing).

could only be the result of tampering or the fact that he ate a poppy seed bagel prior to the unscheduled test.  Finally, Zurick states that he never received a decision from the warden on his appeal and never received a written decision from the hearing committee.  As a result of his time in segregation and the subsequent alleged due process violations, Zurick claims to have lost a total of $5,644.97.  Zurick seeks compensatory damages and injunctive relief.

ANALYSIS:

A district court reviews <u>de</u> <u>novo</u> those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>  No objections were filed to this Report,[3] but we nevertheless examine the magistrate's opinion here.

The magistrate judge construed the complaint as alleging a denial of due

---

[3] The deadline for the filing of objections was November 16, 2005.  On November 15, 2005, Zurick filed what he captioned a "NOTICE," stating that he is no longer a prisoner and no longer wishes to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  (Rec. Doc. No. 16.)  In this filing, Zurick discusses the Northumberland County Prison Policy Statement regarding "Inmate Discipline & Discipline Hearing Committee Procedures," effective January 2004.  Zurick attached a copy of this policy statement to the pleading.  Because he does not address the magistrate judge's Report and Recommendation in his November 15 filing, we do not consider Zurick to have objected to the Report.

process in connection with the plaintiff's removal from the work release program and confinement in disciplinary segregation for ninety days. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV, § 1.

In analyzing a procedural due process claim, we employ a two-step analysis. First, we must determine whether the interest asserted by the plaintiff is one contemplated by the "liberty or property" language of the Fourteenth Amendment. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Second, if the asserted interest is protected by the Due Process Clause, "the question then becomes what process is due to protect it." Id. The magistrate judge properly applied this analysis to Zurick's claims regarding the ninety days of disciplinary segregation and removal from the work release program.

> 1. *Zurick's confinement for ninety days in disciplinary segregation did not implicate a liberty interest protected by the Due Process Clause.*

The magistrate judge correctly applied the Supreme Court holding of Sandin v. Conner, 515 U.S. 472 (1995) to the instant case. In Sandin, an inmate was charged with multiple disciplinary infractions. His request to produce certain witnesses at his hearing was refused by the hearing committee because the

witnesses were unavailable. The committee found the inmate guilty of the charged misconduct and sentenced him to thirty days in segregated confinement. The inmate subsequently brought a § 1983 action claiming that the hearing did not satisfy the requirements of due process. See Sandin, 515 U.S. at 475-76.

The Supreme Court disagreed, and held that while States "may under certain circumstances create liberty interests which are protected by the Due Process Clause," those interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84 (citations omitted). Therefore, "confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (citing Sandin, 515 U.S. at 486).

The Third Circuit has instructed that "[i]n deciding whether a protected liberty interest exists under Sandin, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003). This is a fact-

specific inquiry.  Id.

The magistrate judge correctly concluded that the ninety days Zurick spent in disciplinary segregation does not implicate a protected liberty interest.  In Mensinger, the Third Circuit held that seven months disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin." 293 F.3d at 654.  To avoid dismissal, Zurick would have to allege facts from which it could reasonably be inferred that he was subjected to conditions during disciplinary segregation that imposed atypical and significant hardships on him in relation to the ordinary incidents of prison life.

Zurick has not alleged such facts, even after the magistrate judge opened the door in his order granting leave to amend the complaint.  Zurick only complains that his property was removed and that he could not order regular commissary. (Rec. Doc. No. 14, at 2.).  These grievances do not rise to the level of an atypical or significant hardship imposed upon Zurick.  See, e.g., Leon v. Schaaff, No. 05-CV-4296, 2005 WL 2397241, at *3 (D.N.J. Sept. 23, 2005) (Kugler, J.) (lost commissary and telephone privileges and placement in disciplinary confinement for 120 days do not impose atypical and significant hardship upon an inmate).  Because there is no basis to infer that the conditions to which the plaintiff was subjected while in disciplinary segregation imposed atypical and significant

7

hardships upon him, we agree with the magistrate judge that Zurick has failed to allege that his disciplinary confinement implicated a liberty interest protected by the Due Process Clause.

    2.    *Zurick did not have a liberty interest protected by the Due Process Clause to remain in the work release program.*

Zurick also complains of his removal from the work release program. We agree with the magistrate judge that Asquinth v. Dep't of Corrs., 186 F.3d 407 (3d Cir. 1999) controls the issue. In Asquinth, the Third Circuit held that because an inmate is normally incarcerated in prison, the plaintiff's return to prison from a halfway house and work release program "did not impose atypical and significant hardship upon him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." Id. at 412. Because Zurick had no protected liberty interest in remaining in the work release program, his claim fails.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in full. (Rec. Doc. No. 15.)

    2.    The plaintiff's Amended Complaint is dismissed for failure to state a

      claim upon which relief can be granted.  (Rec. Doc. No. 14.)

3.      The clerk is directed to close the case file.

4.      Any appeal from this order would not be taken in good faith.

                                        <u>s/ James F. McClure, Jr.</u>
                                        James F. McClure, Jr.
                                        United States District Judge